UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY MOUNSON, )  )  Plaintiff, )  )  v. )  )  DR. ANDREW TILDEN, )  DR. GINA JEFFERSON, and )  LIEUTENANT S. PUNKE, )  )  Defendants. ) | 15-CV-1032 |

**MERIT REVIEW OPINION**

**MICHAEL M. MIHM**, **U.S. District Judge.**

Plaintiff, proceeding pro se and incarcerated in the Pontiac Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that Defendant Dr. Jefferson placed a faulty, ill-fitting prosthesis in Plaintiff's throat in July of 2013. Ever since then, Plaintiff allegedly has experienced continuous pain, difficulty swallowing, and difficulty eating. He alleges that he has lost over

50 pounds.  Defendants Dr. Tilden and Dr. Jefferson have allegedly refused Plaintiff's repeated pleas to replace the prosthesis and have falsified Plaintiff's medical records.

On a separate matter, Defendant Lieutenant Punke allegedly maced Plaintiff three times, knowing that the mace would cause extreme breathing problems for Plaintiff because of the hole in Plaintiff's throat.  Plaintiff does not give any information about the circumstances of this incident, except to allege that Lieutenant Punke acted maliciously and sadistically.

Plaintiff's allegations state an Eighth Amendment claim against Dr. Tilden and Dr. Jefferson for deliberate indifference to Plaintiff's serious medical need for a prosthesis that fits adequately. Plaintiff may also state an excessive force claim against Lieutenant Punke, but that claim is not properly joined with Plaintiff's claim against the doctors.  The excessive force claim arises from a different transaction or occurrence than the medical claim and is against a different defendant.  *See* Fed. R. of Civ. P. 18, 20.  If Plaintiff wants to pursue the excessive force claim, he will need to file a motion to sever the excessive force claim from this case.  If Plaintiff files a motion to sever, he should attach a new complaint

setting forth in more detail his allegations against Lieutenant Punke, along with a new petition to proceed in forma pauperis.

**IT IS THEREFORE ORDERED:**

  1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Dr. Tilden and Dr. Jefferson for deliberate indifference to his serious medical need. The claim against Dr. Tilden is in an individual and official capacity for purposes of injunctive relief.

  2) If Plaintiff seeks to pursue an excessive force claim against Lieutenant Punke, then Plaintiff must file, by August 14, 2015, a motion to sever the excessive force claim from this case. If Plaintiff files a motion to sever, he must attach a new complaint setting forth in more detail his allegations against Lieutenant Punke, along with a new petition to proceed in forma pauperis. If Plaintiff does file a motion to sever, a new case will be opened on the excessive force claim and another filing fee will be assessed. If Plaintiff does not file a motion to sever, then Plaintiff's excessive force case against Lieutenant Punke will be dismissed, without prejudice, as improperly joined.

3)   This case proceeds solely on the claim identified in paragraph one above.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4)   This case is now in the process of service.   Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.   Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.   Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service.   Defendants have 60 days from the date the waiver is sent to file an Answer.   If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.   After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants Tilden and Jefferson pursuant to the standard procedures.**

14)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15)   **The clerk is directed to send Plaintiff a Complaint form with instructions and an in forma pauperis form with instructions.**

ENTERED: 7/24/2015

FOR THE COURT:

                                      **s/Michael M. Mihm**
                                      MICHAEL M. MIHM
                         UNITED STATES DISTRICT JUDGE